Christopher J. Hamner, Esq. (SBN 197117)
chamner@hamnerlaw.com
Amy T. Wootton, Esq. (SBN 188856)
awootton@hamnerlaw.com
Evelina Serafini, Esq. – Of Counsel (SBN 187137)
eserafini@hamnerlaw.com
**HAMNER LAW OFFICES, APC**
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone: (213) 533-4160
Facsimile: (213) 533-4167

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG FISHER, on behalf of himself and the proposed collective class,<br><br>Plaintiff<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation, RASIER-CA LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION FOR:**<br><br>**VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GREG FISHER ("Plaintiff") alleges, on behalf of himself and the proposed collective class, as follows:

/ / /

/ / /

1

COMPLAINT UBER

# I.

# PARTIES

## Plaintiff

1. Plaintiff Greg Fisher is a resident of Los Angeles County, California. Plaintiff currently works as an Uber driver. Plaintiff first started working for Uber in Los Angeles and Orange County. At times, Plaintiff has worked shifts of more than 8 hours as an Uber driver.

## Defendants

2. Uber Technologies, Inc. is a Delaware corporation, which owns and operates the Uber ride sharing service. Uber operates its service throughout California.

3. Rasier-CA, LLC is a Delaware limited liability company, which owns and operates the Uber ride sharing service. Uber operates its service throughout California.

# II.

# COLLECTIVE ALLEGATIONS

4. This is a FLSA Collective Action by Plaintiff on behalf of current and former Drivers ("Uber Drivers") for Uber Technologies, Inc. a Delaware Corporation and Rasier-CA, LLC, a Delaware Limited Liability Company (Defendants Uber Technologies Inc. and Rasier-CA, LLC are collectively referred

to as "Defendants" and "Uber") who worked for Uber between August 18, 2011 through the date of final disposition of this action.

5. Uber's operates nationwide. Uber utilizes thousands of drivers for its transportation business. Each of these drivers is hired and works under the same Uber policies, which Uber calls its "platform." Plaintiff alleges that he, and the collective class, are owed minimum wage under FLSA.

6. Additionally, some Uber drivers work full time hours, and sometimes, overtime hours, for Uber. This is especially true in cities such as Los Angeles, San Francisco, New York City, Chicago, Atlanta, Seattle and Phoenix, where Uber is thriving and many Uber drivers work heavy hours.

7. Plaintiff, and many Uber drivers like him, have worked shifts of more than 8 hours for Uber. Plaintiff alleges that under FLSA, he and all such Uber drivers are owed unpaid minimum wage, unpaid overtime, and other damages under FLSA.

## III.

## Count 1

## COLLECTIVE ACTION FOR VIOLATION OF FLSA

*Fair Labor Standards Act, 29 U.S.C. § 201 et seq.*

8. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

9. On information and belief, at all relevant times, Defendants, and each of them, are an "employer" engaged in interstate "commerce" and/or in the production of "good" for "commerce," within the meaning of the FLSA, 29 U.S.C. section 203. At all relevant times, Defendants, and each of them, employed "employee[s]," including Plaintiff and the collective class.

10. Attached hereto as Exhibit 1 is the consent to join form signed by Plaintiff in this action pursuant to 16(b) of the FLSA, 29 U.S.C. sections 216(b) and 256. It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

11. The FLSA requires each covered employer, such as Uber, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or at the appropriate price rate calculation of one-half the regular rate for all overtime hours.

12. The Plaintiff and the collective class were entitled to be paid minimum wages and appropriate piece rate, commission and hourly overtime compensation for all overtime hours worked.

13. At all relevant times, Uber, pursuant to its policies and practices, failed and refused to pay appropriate minimum wages and overtime to Plaintiff and the collective class.

14. By failing to compensate Plaintiff and the collective class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Uber has violated the FLSA, 29 U.S.C. sections 201 et seq., including 29 U.S.C. sections 207(a)(1) and 215(a).

15. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the collective class, Uber has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. sections 201 et seq., including 29 U.S.C. sections 211(c) and 215(a).

16. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. section 255(a).

17. Plaintiff on behalf of himself and the collective class he seeks to represent, seek recovery of their attorneys' fees, and costs of action to be paid by Uber, as provided by the FLSA, 29 U.S.C. section 216(b).

18. Plaintiff and the collective class seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provide by the FLSA, 29 U.S.C. section 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

/ / /

/ / /

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Class he seeks to represent pray for relief as follows:

1. That Plaintiff be appointed the representative of Collective Class;

2. That opt in notices be sent to the Collective Class as soon as possible;

3. That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed counsel for the Collective Class;

4. For unpaid wages at overtime rates for all overtime work and unpaid wages for all work for which they were not paid;

5. For such general and special damages as may be appropriate;

**DATED:** August 18, 2015    **HAMNER LAW OFFICES, APC**

By: Christopher J. Hamner, Esq., Counsel for Plaintiff Greg Fisher and the proposed collective class.

6

COMPLAINT                                           UBER

# EXHIBIT 1

# CONSENT TO JOIN FORM

**Consent to sue under the Fair Labor Standards Act (FLSA)**

I work/worked for Uber Technologies, Inc. as a Transportation Provider / Driver.

I choose to participate in the FLSA collective action entitled *Greg Fisher v. Uber Technologies, Inc.* to recover unpaid minimum wage and overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and other relief under state and federal law relate to my employment by Uber Technologies, Inc. as a Transportation Provider / Driver.

I choose to be represented in this matter by the named plaintiffs and counsel (Hamner Law Offices, APC) in this action.

Dates Employed:   From_____        to        _____

Print Name:   ___Greg Fisher_____

Signature:    ___[signature]_____

Date Signed:  ___August 17, 2015_____

To opt in to this collective action, fill out this form and mail, fax, or e-mail it to:

**Hamner Law Offices, APC**
Attention:   Christopher J. Hamner / Amy T. Wootton
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Fax: (213) 533-4167
Email:      chamner@hamnerlaw.com
            awootton@hamnerlaw.com