GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
   tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
   tevangelis@gibsondunn.com
DHANANJAY MANTHRIPRAGADA, SBN 254433
   dmanthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
   jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
   kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
UBER TECHNOLOGIES, INC., and
RASIER-CA LLC

HAMNER LAW OFFICES, APC
CHRISTOPHER J. HAMNER (SBN 197117)
   chamner@hamnerlaw.com
AMY T. WOOTTON (SBN 188856)
   awootton@hamnerlaw.com
EVELINA SERAFINI (SBN 187137)
   eserafini@hamnerlaw.com
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone: (213) 533-4160
Facsimile: (213) 533-4167

Attorneys for Plaintiff
GREG FISHER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG FISHER, on behalf of himself and the proposed collective class,<br><br>            Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation, RASIER-CA LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. 3:15-cv-03774-EMC<br><br>**STIPULATION ORDERING PLAINTIFF'S ACTION INTO ARBITRATION AND DISMISSING ACTION WITHOUT PREJUDICE** |

## STIPULATION

Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff Greg Fisher ("Plaintiff") and Defendants Uber Technologies, Inc. and Rasier-CA LLC (together, "Defendants") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, on August 18, 2015, Plaintiff filed the Complaint in the above-captioned matter (*see* Dkt. No. 1), asserting a single collective action claim against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA");

WHEREAS, on October 14, 2015, Defendants filed a motion to compel arbitration of Plaintiff's claim on an individual basis, pursuant to the arbitration provisions set forth in Uber's November 2014 Software License and Online Services Agreement (the "November 2014 Arbitration Agreement") (*see* Dkt. No. 13);

WHEREAS, the deadline for Plaintiff to oppose Defendants' motion to compel arbitration is November 11, 2015;

WHEREAS, rather than file an opposition to Defendants' motion, Plaintiff agrees to pursue his claims in arbitration on an individual basis, pursuant to the provisions set forth in Uber's November 2014 Arbitration Agreement;

WHEREAS, the parties agree that, notwithstanding any provision in Uber's November 2014 Arbitration Agreement, Uber will pay for the arbitrator's fees and the arbitration-specific fees pertaining to the resolution of the Plaintiffs' claims against Defendants, provided those claims are asserted on an individual basis, and not as a class or collective action; and

WHEREAS, Plaintiffs' counsel represents the named plaintiffs in a related putative class action pending before this Court, *Rel Rio v. Uber Technologies, Inc.*, et al, No. 3:15-cv-03667-EMC. The Parties agree that this stipulation, and Plaintiff's acceptance of this stipulation, shall have no effect on and shall not be seen as any waiver in *Del Rio*, in which named plaintiffs Del Rio and Saghebian oppose the motion to compel arbitration that Uber has filed in that case and seek to litigate class and collective claims in federal district court.

**NOW THEREFORE**, the Parties hereby stipulate and agree, through their undersigned counsel, that (1) the instant lawsuit shall be dismissed, without prejudice, pursuant to Federal Rule of

1  Civil Procedure 41(a)(1); (2) Plaintiff's claims against Defendants shall be resolved in arbitration on
2  an individual basis only, and not on a class or collective action basis; (3) Uber shall pay for the
3  arbitrator's costs and arbitration-specific fees pertaining to the aforementioned arbitration; (4) each
4  party shall bear his or its respective attorneys' fees incurred in relation to the instant action and the
5  aforementioned arbitration, except as otherwise provided in any award of attorneys' fees made by a
6  judge or arbitrator in the instant action or the aforementioned arbitration; and (5) this stipulation and
7  dismissal shall not influence the rights or obligations of the named plaintiffs or the defendants in *Del
8  Rio v. Uber Technologies, Inc.*, et al, No. 3:15-cv-03667-EMC.

**IT IS SO STIPULATED.**

Dated: November 11, 2015              GIBSON, DUNN & CRUTCHER LLP

                                      By: /s/
                                           Theodore J. Boutrous Jr.

                                      Attorneys for Defendants UBER
                                      TECHNOLOGIES, INC. and RASIER-CA LLC

Dated: November 11, 2015              HAMNER LAW OFFICES, APC

                                      By: /s/
                                           Christopher J. Hamner

                                      Attorneys for Plaintiff GREG FISHER

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1, I, Kevin J. Ring-Dowell hereby attest that concurrence in the filing of this document has been obtained from Theodore J. Boutrous, Jr. and Christopher J. Hamner.

DATED:  November 11, 2015          GIBSON, DUNN & CRUTCHER LLP


By:  _____/s/_____
          Kevin Ring-Dowell

Attorneys for UBER TECHNOLOGIES, INC. and RASIER-CA LLC

**DECLARATION OF SERVICE**

I, Kevin J. Ring-Dowell, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On September 18, 2015, I served the within:

**STIPULATION ORDERING PLAINTIFF'S ACTION INTO ARBITRATION AND DISMISSING ACTION WITHOUT PREJUDICE**

to all named counsel of record as follows:

 **BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on November 11, 2015.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on November 11, 2015, at San Francisco, California.

/s/
Kevin J. Ring-Dowell